UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:21-cr-00006-TWP-VTW-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSEPH WAIZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cr-00006-TWP-VTW |
| JOSEPH WAIZ, | ) ) ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), filed by *pro se* Defendant Joseph Waiz ("Waiz"). (Dkt. 51.) In his Motion, Waiz seeks a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) under the terms of Amendment 821 to the United States Sentencing Commission Guidelines. *Id*. He also seeks appointment of counsel to assist him in pursuing this motion. *Id*. at 9. The Court has previously appointed counsel to address Waiz's Amendment 821 motion, Dkts. 52, and counsel has appeared for that portion of the motion. *See* Dkt. 53. This Order addresses only Waiz's compassionate release request. For the reasons explained below, the *pro se* request for compassionate release is **denied**.

### I.  BACKGROUND

In November 2021, Waiz pled guilty to Count One: Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. 45 at 1.) In January 2021, a law enforcement officer attempted to stop a vehicle driven by Waiz in Jeffersonville, Indiana. (Dkt. 33 at 8.) Waiz fled, leading officers on a chase reaching 100 miles per hour. *Id.*  Waiz eventually stopped, and officers caught up to his vehicle. *Id.*  Waiz admitted there was a gun in his car and that he had handled it.

*Id.* The officers searched the vehicle and found a Taurus G2C 9mm handgun under the driver's seat. *Id.* At the time, Waiz had multiple prior felony convictions. *Id.* at 8-9.

Waiz faced a guidelines range of 92 to 115 months of imprisonment. (Dkt. 46 at 1.) The Court sentenced him to 92 months of imprisonment to be followed by three years of supervised release. (Dkt. 45 at 2-3.) The Bureau of Prisons ("BOP") lists Waiz's anticipated release date (with good-conduct time included) as July 31, 2027. https://www.bop.gov/inmateloc/ (last visited December 8, 2023).

Waiz has filed a motion for compassionate release and for relief under § 3582(c)(2) *pro se*.[1] (Dkt. 51.) Waiz argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he suffers from medical conditions that require long-term care that he is not receiving in BOP; (2) changes to the sentencing guidelines should be applied to reduce his sentence retroactively, and (3) the COVID-19 pandemic has made his incarceration harsher than expected. *Id.* The Court has concluded that it can resolve the motions without a response from the United States.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the

---

[1] In his motion, Waiz has asked the Court for the appointment of counsel. (Dkt. 51 at 9.) Waiz's request for counsel to pursue compassionate release was denied in a prior order from this Court, though counsel was appointed for the purpose of pursuing relief under § 3582(c)(2). (Dkt. 52.)

statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission (the "Sentencing Commission") recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).  The Court has considered said amendments while adjudicating Waiz's motion, as appropriate.

Waiz contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. The Court understands this argument to assert that Amendment 821 to the U.S. Sentencing Guidelines permits a retroactive reduction in his sentence and appointed counsel for the purpose of pursuing this relief. (Dkt. 51 at 6-8.) The Court addresses this portion of Waiz's motion only to the extent Waiz argues that this change to the sentencing guidelines constitutes an extraordinary and compelling reason for relief under § 3582(c)(1)(A) and will address whether Amendment 821 directly permits a reduction in sentence in a separate order.

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider

4

change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Nov. 1, 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion

>is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Waiz's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Waiz has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Waiz has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Waiz next argues that his health conditions establish extraordinary and compelling circumstances warranting his release. Waiz contends that he is suffering from deterioration of his right arm including limb deformity and muscle atrophy. (Dkt. 51 at 4–5; 51-1 at 59-60.) He argues that his inability to use his arm has rendered him unable to provide self-care. (Dkt. 51 at 4-5.) Further, he argues that BOP has prevented him from engaging in the physical therapy on his arm as well as the substance abuse treatment he requires. (Dkt. 51 at 1, 4.) It does not appear from the record, however, that his condition is life-threatening, and Waiz concedes that his arm ailment is treatable, but alleges that BOP has failed to do so. To the extent that Waiz argues that he is entitled to compassionate release due to inadequate medical care in BOP, *id.*, such an allegation might

6

form the basis for relief in a civil suit filed in Waiz's district of incarceration but does not constitute grounds for a sentence reduction under § 3582(c)(1)(A). Accordingly, the Court declines to exercise its discretion to find that Waiz has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

Waiz's next asserted extraordinary and compelling reason for his release is that he is needed at home to care for his teenaged daughter. (Dkt. 51 at 12.) He states his mother is the current caregiver for his daughter and he wishes to be present to provide caregiving assistance. *Id.* However, Waiz has presented no evidence that his mother is incapacitated or otherwise unable to provide proper care for Waiz's daughter. As such, the Court declines to exercise its discretion to find that Waiz has met his burden to establish that care for his daughter is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Waiz had established an extraordinary and compelling reason, however, the Court would nevertheless find that Waiz is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he has enrolled in programming in BOP, including drug education, and is on the waitlist for additional programming. (Dkt. 51 at 12.) Weighing against him, Waiz committed a serious crime and has an extensive criminal history including five prior felony

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

convictions.  (Dkt. 37 at 8–14.)  Further, Waiz is not scheduled to be released from prison until July 2027; releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Waiz early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes.  *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)].  One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.  CONCLUSION

For the reasons stated above, Waiz's Motion for Compassionate Release, Dkt. [51], is **DENIED** insofar as it is construed as a motion for compassionate release under § 603 of the First Step Act of 2018.

**The Clerk is directed** not to terminate the motion at Dkt. 51 as Waiz's motion for relief pursuant to Amendment 821 remains pending.

**SO ORDERED.**

Date:  2/12/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph Waiz, #30061-509
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, Pennsylvania  17887

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov